UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRIS E. SCHNEIDER,

      Plaintiff,

     v.                           CASE NO. 8:09-CV-1828-T-17MAP

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____/

## REPORT & RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks review of the Commissioner's decision denying his claim for Disability Insurance Benefits ("DIB").[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by (1) discrediting state agency medical experts' and treating doctors' opinions, (2) failing to adopt the limitations regarding repetitive head and neck movements and repetitive use of left upper extremity set forth by Dr. Riegal and failing to include these limitations in the residual functional capacity assessment, (3) failing to obtain vocational expert testimony. After reviewing the record, I find the ALJ erred by failing to utilize a vocational expert when he found Plaintiff unable to perform a full range of sedentary work, and in considering the upper extremity limitations imposed by Plaintiff's long-standing treating Dr. Riegal. Accordingly, I recommend that the case be remanded once again for further administrative proceedings consistent with this report and recommendation.

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). (doc. 14).

*Background*

Plaintiff protectively filed for disability insurance benefits on August 24, 2003, alleging disability beginning on January 9, 2001. He graduated from high school and has work experience as a supervisor for a home builder, a carpet installer, a UPS driver, a lawn maintenance worker, and a warehouse laborer. Plaintiff, who was forty-four years old at the time of his most recent administrative hearing before the administrative law judge, alleges he became disabled on January 9, 2001, due to pain, injuries and depression following an automobile accident. He alleges he is also restricted due to dyslexia.

Procedurally, the Plaintiff's claim was denied initially, and again by the ALJ in a written decision dated July 24, 2006. After the Appeals Council denied review, the Plaintiff filed a civil action in this Court; on the Commissioner's motion, the Court remanded the case for further administrative proceedings with instructions to further evaluate and discuss the "various medical assessments discussing the claimant's mental condition," reassess the Plaintiff's maximum residual functional capacity, and obtain vocational expert testimony concerning a properly worded hypothetical question. The Appeals Council vacated the ALJ's prior decision and remanded for ALJ reconsideration. On July 16, 2008, a supplemental ALJ hearing occurred, and in a written decision dated January 14, 2009, the ALJ again denied benefits to Plaintiff. The Appeals Council denied Plaintiff's request for review, and the Plaintiff filed this action. At this juncture, the Plaintiff has exhausted his administrative remedies and the case is now ripe for judicial review.

*Standard of Review*

To be entitled to disability insurance benefits, a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (i.e., one that significantly limits his ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his past relevant work; and (5) if the claimant cannot perform the tasks required of his prior work, the ALJ must decide if the claimant can do other work in the national economy in view of his age, education, and work experience. 20 C.F.R. § 404.1520. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 C.F.R. § 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton*

*v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he/she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

*1. failing to obtain vocational expert testimony*

Plaintiff asserts the ALJ erred by mechanically relying on the medical vocational guidelines instead of obtaining vocational expert (VE) testimony. In his written decision, the ALJ found at step five that Plaintiff retained the RFC to:

> perform a limited range of sedentary work ... could lift/carry ten pounds occasionally and less than ten pounds frequently; sit for six hours in an eight-hour workday; and stand/walk for two hours in an eight-hour workday. He could never climb ladders, ropes, or scaffolds, and could only occasionally climb ramps, or stairs. The claimant could also only occasionally balance, stoop, kneel, crouch, and crawl. He must have avoided concentrated exposure to extreme hot and cold temperatures, wetness, humidity, vibrations, and hazards (including moving machinery and work at unprotected heights). Finally, the claimant could not perform complex or detailed tasks, but could perform simple, routine, repetitive tasks consistent with unskilled work. ... [and has] moderate difficulties in maintaining concentration, persistence, or pace ...

(R. 584, 586).

In the Eleventh Circuit, exclusive reliance on the grids in not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Francis v. Heckler*, 749 F.2d

1562, 1566 (11th Cir. 1985). In other words, "[i]f the claimant cannot clearly do unlimited types of work at the exertional level in question, a VE must be called." *Maffia v. Commissioner of Social Security*, 291 Fed. Appx. 261, 264 (11th Cir. 2008) citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). Here, the ALJ found that Plaintiff was capable of performing only a "limited range of sedentary work" (R. 584). Hence, the ALJ's reliance on the grids was inappropriate, and he was required to consult a vocational expert.

Interestingly, the district court's remand order specifically directed the ALJ to "obtain vocational expert testimony to provide information regarding jobs, if any, Plaintiff can perform after considering a properly-worded and complete hypothetical" (R. 602). Although the ALJ called upon a vocational expert during the administrative hearing, his written decision states that the "various hypotheticals [that] were offered to a vocational expert at the July 16, 2008 hearing (including hypotheticals offered by the undersigned) [were] ... inconsistent with the record evidence for reasons discussed throughout this decision" (R. 587).[2] Because the ALJ ultimately did not rely upon any of

---

[2] At the administrative hearing, the ALJ asked the VE the following:
> Please assume a younger individual with a high school education, precluded from performing all but sedentary work with no hazards, climbing, or temperature extremes, that's unskilled and low- stress, defined as one and two-step processes, routine and repetitive tasks, primarily working with things rather than people, entry-level. With those limitations can you name two jobs consistent with the DOT?

(R. 717). The VE responded that the jobs of document preparer, DOT 249.587-018, a sedentary job with an SVP of 2 and approximately 10,000 in the national economy, 550 in the state, and 60 in Southwest Florida, and machine tending or jewelry preparing, DOT 700.687-062, approximately 20,000 jobs nationally, 1,300 in the state, and 40 in the Southwest Florida labor market. While the Commissioner argues that the ALJ's exclusive reliance on the grids in his written decision is harmless error since the ALJ questioned a vocational expert at the administrative hearing who opined that a significant number of jobs existed in the national economy that Plaintiff could perform, I do not agree. As other judges have recognized in similar recent cases, although the limitations the ALJ included in the hypothetical may be related to the

the VE hypotheticals and instead relied exclusively on the grids, I find that remand is necessary.

In light of my finding that remand is necessary concerning the VE consultation, I will limit my remaining discussion to just one issue: treating doctor Bram Riegal's instruction that Plaintiff's work restrictions should include "no repetitive head and neck movements" (R. 356). The first ALJ found that Plaintiff's RFC included this restriction; the second ALJ, whose decision is the operative one here, concluded otherwise. Although this ALJ discussed his decision not to adopt Dr. Riegal's "no repetitive head and neck movement" limitation, I find that decision is not supported by substantial evidence. Accordingly, on remand the Commissioner should be directed to revisit this issue. Dr. Riegal, who treated Plaintiff from 2002 through 2008, consistently included this limitation in his office notes during the relevant time frame (the last date of insured status was March 31, 2006), even though he modified other work restrictions during the course of his treatment, and the medical evidence supports this limitation. *See* R. 223-271, 327-345, 355-358, 663-664. The Plaintiff's remaining contentions of error, namely that the ALJ failed to properly assess the statements of Dr. Zarzecki, a treating psychologist, and Dr. Lose, a consulting psychiatrist who

---

limitations included in his final RFC determination, they are by no means the same thing. I find that it is unclear whether the omitted limitations may have rendered the jobs the VE concluded Plaintiff could perform unavailable to him, and find it necessary to remand for further proceedings. *See generally Vuxta v. Commissioner of Social Security,* 194 Fed. Appx. 874 (11th Cir. 2006) (remanding for further consideration as to whether ALJ had found that claimant was limited to simple tasks (requiring straight application of the grids and no VE consult) or found that a limitation to repetitive tasks that significantly limits the claimant's ability to perform basic work skills (requiring a VE consult)); *Smith v. Astrue,* 2010 WL 1223879, *9 (M.D. Fla. 2010) ("In order for a VE's testimony in response to a hypothetical question to serve as substantial evidence in support of the conclusion that a claimant can perform other work, the question must accurately portray a claimant's physical and mental impairments."); *Haynes v. Astrue*, 2010 WL 138053 (M.D. Fla. 2010 (finding it unclear whether the RFC limitation "mild difficulties with concentration, persistence, or pace" included in the ALJ's decision is consistent with "occasional limitation in concentrating on tasks" and whether "simple predictable tasks" in RFC is same as "routine, predictable tasks" and instructing on remand that ALJ consider same).

examined him twice related to his workers compensation claim, and the opinions of the state agency psychological consultants, are meritless as I find the ALJ properly considered them and his decision is supported by substantial evidence as to these issues.

*Conclusion*

For the reasons stated, it is hereby

RECOMMENDED:

1. That judgment be entered for the Plaintiff and the case remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this report.

IT IS SO ORDERED at Tampa, Florida on this 13th day of August, 2010.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record